IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATC MEDIA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1416-N |
| | § | |
| MICHAELS STORES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Michaels Stores, Inc., Artistree, Inc., The Michaels Companies, Inc., and Michaels Stores Procurement Company, Inc.'s (collectively "Michaels") motion to dismiss [31]. For the reasons set forth below, the Court denies the motion.

## I. ORIGINS OF THE MOTION

This dispute arises out of an unconsummated business transaction.[1] Plaintiff ATC Media, LLC d/b/a Masterpiece by Numbers ("MBN") is an online retailer of premium paint-by-number kits. Am. Compl. ¶ 18 [24]. MBN creates, markets, and sells its kits under the trademark and tradename MASTERPIECE BY NUMBERS, a design version of the mark protected by U.S. Registration No. 6,094,254. *Id*. ¶¶ 19–20. MBN contacted Michaels to discuss the possibility of an affiliate agreement. *Id*. ¶ 29. In October 2020, the parties executed a mutual nondisclosure agreement ("NDA") limiting the use of any

---

[1] For purposes of this Order, the Court accepts the well-pleaded allegations of the complaint as true.

MEMORANDUM OPINION AND ORDER – PAGE 1

confidential information exchanged to the sole purpose of determining the viability of a business relationship. *Id*. ¶¶ 30–33. In November 2020, the parties met at Michaels' corporate facility, where MBN disclosed confidential and proprietary business information. *Id*. ¶ 34. The parties communicated sporadically thereafter, and all communication ceased around September 2021 without an executed business relationship agreement. *Id*. ¶¶ 35–36.

In December 2021, Michaels began selling paint-by-number kits, with MASTERPIECE PAINT BY NUMBER KIT branding printed prominently on the product packaging. *Id*. ¶ 37. In January 2022, customers began informing MBN that Michaels stores was selling MBN's kits. *Id*. ¶ 38. MBN alleges that Michaels used the confidential and proprietary information disclosed in the November 2020 meeting to directly compete with MBN and divert MBN's customers to Michaels' stores. *Id*. ¶¶ 43–55. MBN sent a cease-and-desist letter to Michaels' counsel demanding that Michaels stop using MBN's trademark on their paint by number kits, but Michaels has not complied. *Id*. ¶ 55. MBN filed suit alleging breach of contract, federal trademark infringement, federal unfair competition, Texas common law trademark infringement, Texas common law unfair competition, misappropriation of trade secrets under the federal Defend Trade Secrets Act ("DTSA"), and misappropriation of trade secrets under the Texas Uniform Trade Secrets Act ("TUTSA"). *Id*. ¶¶ 56–97. Michaels now moves to dismiss MBN's claims under Rule 12(b)(6).

## II. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III.  THE COURT DENIES THE MOTION

#### B.  *The Amended Complaint Does Not Improperly Use Group Pleading*

Michaels argues that MBN's generalized assertions fail to give the individual Defendants fair notice of the claims against them.  "[P]laintiffs are permitted under federal procedure to allege that more than one defendant (i.e., a group of named defendants) committed the same alleged act."  *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, 2015 WL 11120872, at *4 (N.D. Tex. 2015) (citing *Clapper v. Am. Realty Invs., Inc.*, 2015 WL 3504856, at *4 (N.D. Tex. 2015)).  Typically, group pleading is disfavored. However, Federal Rule of Civil Procedure 8(a) does not require MBN, "'without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific [defendant].'"  *Reed Migraine Ctrs. of Tex., PLLC*, 2015 WL 11120872, at *4 (quoting *Hyung Seok Koh v. Graf*, 2013 WL 5348326, at *4 (N.D. Ill. 2013)).

The complaint's allegations properly put the Defendants on notice that MBN attributes the alleged misconduct to their joint operation as affiliated entities that operate collectively.  *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385–86 (5th Cir. 2017) (affirming ruling that group pleading in the complaint nevertheless complied with Rule 8 by providing "minimally adequate notice of Plaintiffs' claims in [the] matter and the bases therefor").  Here, MBN has alleged that the Michaels Defendants, collectively, engaged in several specific unlawful behaviors in a complaint that contains enough detail to enable them to prepare a response.  The parties may clarify any ambiguities during discovery.  Accordingly, the Court denies Michaels' motion to dismiss based on group pleading.

### B. MBN Has Sufficiently Alleged a Breach of Contract

Under Texas law, plaintiffs alleging a breach of contract must show "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal,* 167 S.W.3d 443, 450 (Tex. App. — Houston [14th Dist.] 2005, pet. denied)).

MBN has alleged that the parties entered into a valid mutual NDA in October 2020. Am. Compl. ¶¶ 30–33. This agreement prohibited the disclosure or use of any confidential information except to evaluate the creation of a potential business relationship between the parties. *Id*. The parties met in November 2020, and MBN shared its confidential and proprietary information with Michaels. *Id*. ¶ 34. Shortly thereafter, Michaels changed its product offerings and began selling paint kits using a similar name at a similar price point. *Id*. ¶¶ 37, 38, 43–55. The complaint alleges that this change occurred because Michaels breached the NDA by using MBN's confidential and proprietary information to negotiate prices with manufacturers and licensing deals with artists. *Id*. ¶¶ 51–52. Moreover, the product itself incorporated certain features which MBN identified as desirable to customers. *Id*. ¶ 53. Immediately after Michaels began offering this product line, MBN's sales dropped. *Id*. ¶ 42. As such, the complaint adequately pleads facts as to each element of a breach of contract claim.[2]

---

[2] Michaels argues that any allegations pleaded on information and belief should be disregarded, as MBN should identify the offending elements of Michaels' products that

### C. *MBN's Texas Common Law Claims Are Not Preempted by TUTSA*

Michaels argues that the Texas common law unfair competition claim in count five of the complaint is preempted by TUTSA. TUTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE § 134A.007(a). Although TUTSA preempts all claims based on misappropriation of a trade secret, claims may still advance if the plaintiff can show that the claim is based on facts unrelated to the misappropriation of confidential information. *See Comput. Scis. Corp. v. Tata Consultancy Servs. Ltd.*, 2020 WL 2487057, at *6–7 (N.D. Tex. 2020), *report and recommendation adopted*, 2020 WL 1428941 (N.D. Tex. 2020). Upon examining the language in count five, the Court determines that the alleged misappropriation does not deal with trade secrets. Rather, the complaint alleges the "unauthorized use of [MBN's] branding[] and/or colorable imitation of the MBN Marks and MBN trade name." Am. Compl. ¶ 80. MBN's branding and trademark are public information not within the scope of TUTSA's trade secrets preemption. Accordingly, the Court concludes that TUTSA does not preempt MBN's Texas common law unfair competition claim.[3]

---

may have originated from MBN's confidential information. Defs. Reply Br. Supp. Mot. Dismiss 7 [35]. However, the Court concludes that the information Michaels allegedly relied on to create the offending products would be exclusively in its control, and therefore MBN may plead supporting facts on information and belief at this stage of litigation.

[3] Michaels may reassert the preemption argument if MBN takes a more expansive position of the unfair competition claim's scope at a later stage of litigation.

MEMORANDUM OPINION AND ORDER – PAGE 6

### D. *MBN Is Not Estopped from Bringing Its Trademark Infringement Claim*

Michaels argues that because MBN abandoned the class of goods covering paint-by-numbers kits during proceedings in front of the United States Patent and Trademark Office ("USPTO"), MBN is estopped from bringing a trademark infringement claim under the Lanham Act. "Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *Superior Crewboats Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 334 (5th Cir. 2004). "Judicial estoppel has three elements: (1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Flugence v. Axis Surplus Ins. Co. (In re Flugence)*, 738 F.3d 126, 129 (5th Cir. 2013).

Michaels' argument that estoppel applies is unpersuasive. Michaels has not cited any Fifth Circuit precedent for the proposition that abandoning a class of goods while prosecuting a trademark application estops the trademark owner from bringing a claim for infringement based on a product within the abandoned class. And the unpublished Ninth Circuit precedent Michaels cites does not use estoppel as the basis for affirming the district court's dismissal of the trademark infringement claim. *See generally Metamorfoza D.O.O. v. Big Funny, LLC*, 2022 WL 16756362 (9th Cir. 2022) (unpub.). The court's holding was much more limited: the plaintiff could not rely solely on the defendant's use of the same words that had been disclaimed to allege trademark infringement. *See id.* at *1. Although MBN abandoned two classes of goods in its trademark application, it never agreed to an explicit disclaimer as the plaintiff did in *Metamorfoza*. Withdrawing a class of goods from

a trademark application, albeit at the behest of an examiner, is not equivalent to an affirmative statement in a USPTO proceeding disclaiming any future interest in a particular phrase. Accordingly, MBN's trademark infringement claim is not estopped.

### E. *MBN Has Sufficiently Alleged Violations of DTSA and TUTSA*

Michaels argues that the Court should dismiss the DTSA and TUSA claims because MBN has not specified which trade secrets were incorporated into the allegedly infringing products. To successfully allege a DTSA claim, MBN must allege: "(1) a trade secret; (2) misappropriation; and (3) use in interstate commerce." *DBG Grp. Invs., LLC v. Puradigm, LLC*, 2022 WL 313435, at *2 (N.D. Tex. 2022). Trade secrets as defined in DTSA include "financial, business, scientific, technical, economic, or engineering information." 18 U.S.C. § 1839(3). The owner of the information must have (1) taken "reasonable measures" to keep the information secret, *id.* § 1839(3)(A), and (2) the information must "derive[] independent economic value" from its confidential nature. *Id*. § 1839(3)(B). Except for the interstate commerce requirement, the elements and relevant statutory definitions of DTSA and TUTSA claims are similar. *Phazr, Inc. v. Ramakrishna*, 2020 WL 5526554, at *3 (N.D. Tex. 2020) ("A substantial number of provisions in the two statutes—including the definition of 'trade secret'—are 'either identical or very similar in many respects.'").

Here, MBN claims that it owns proprietary business information such as "business strategies and methods for pricing MBN's products, and for negotiating profit and cost margins with manufacturing vendors, negotiating terms of licensing deals between MBN and third-party artists, and advertising methods and know-how specific to the paint-by-

number genre" that it shared with Michaels in conjunction with their partnership proposal in November 2020. Am. Compl. ¶¶ 34, 83. This business information is not publicly known, and MBN has taken reasonable measures such as using password-protected systems and limiting access to employees with legitimate business purposes to ensure that others do not gain access to these secrets. *Id*. ¶¶ 28, 84, 85. MBN alleges that Michaels misappropriated the confidential business and financial information covered by the NDA to change the pricing structure of its products, negotiate better prices with manufacturers, copy the branding style of MBN's products, and market products tailored to MBN's target demographic. *See id*. ¶¶ 33, 43–55. It is likely that MBN's internal information related to cost margins, licensing deals, marketing strategies. and customer-specific pricing qualify as trade secrets. Accordingly, MBN has sufficiently alleged violations of DTSA and TUTSA.

## CONCLUSION

For the reasons set forth above, the Court denies the motion to dismiss.

Signed August 7, 2023.

_David C. Godbey_
David C. Godbey
Chief United States District Judge