IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATC MEDIA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1416-N |
| | § | |
| MICHAELS STORES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff ATC Media's motion to compel discovery. For the foregoing reasons, the Court grants the motion to compel discovery.

### I. ORIGINS OF THE MOTION

This case arises out of a dispute regarding an unconsummated business transaction. Plaintiff ATC Media, LLC d/b/a Masterpiece by Numbers ("MBN") is an online retailer of premium paint-by-number kits. Am. Compl. ¶ 18 [23]. MBN creates, markets, and sells its kits under the trademark and tradename MASTERPIECE BY NUMBERS, a design version of the mark protected by U.S. Registration No. 6,094,254. *Id*. ¶ 19–20. MBN contacted Michaels to discuss the possibility of an affiliate agreement. *Id*. ¶ 29. In October 2020, the parties executed a mutual nondisclosure agreement ("NDA") limiting the use of any confidential information exchanged for the sole purpose of determining the viability of a business relationship. *Id*. ¶ 30–33. In November 2020, the parties met at Michaels' corporate facility, where MBN disclosed confidential and proprietary business information. *Id*. ¶ 34. The parties communicated sporadically after the meeting, with all

MEMORANDUM OPINION AND ORDER – PAGE 1

communication ceasing around September 2021. *Id*. ¶¶ 35–36. No business relationship agreement was ever executed between the parties. *Id*. ¶ 36.

In December 2021, Michaels began selling paint-by-number kits, with MASTERPIECE PAINT BY NUMBER KIT branding printed prominently on the product packaging. *Id*. ¶ 37. In January 2022, customers began calling MBN stating that Michaels' stores were selling MBN's kits. *Id*. ¶ 38. MBN alleges that Michaels used the confidential and proprietary information disclosed in the November 2020 meeting to directly compete with MBN and divert MBN's customers to Michaels stores. *Id*. ¶¶ 43–55. MBN sent a cease-and-desist letter to Michaels' counsel demanding that Michaels stop using MBN's trademark on their paint by number kits, but Michaels has not complied. *Id*. ¶ 55. MBN filed suit alleging breach of contract, federal trademark infringement, federal unfair competition, Texas common law trademark infringement, Texas common law unfair competition, federal misappropriation of trade secrets, and misappropriation of trade secrets under Texas law. *Id*. ¶¶ 56–97.

During discovery, MBN sent a total of 430 discovery requests to the four Defendants: Michaels Stores, Inc., Artistree, Inc., The Michaels Companies, Inc., and Michaels Stores Procurement Company. Defs.' Resp. Mot. to Compel, ¶ 1. MBN served its First Request for Production on Defendants Michaels Stores and Artistree, Inc. on September 14, 2022. Pl.'s Mot. to Compel, ¶ 5. MBN served a Second Request for Production and a First Set of Interrogatories on all Defendants on March 3, 2023. MBN filed a motion to compel discovery on May 11, 2023, alleging that the Defendants had provided incomplete discovery responses. [36].

MEMORANDUM OPINION AND ORDER – PAGE 2

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. America Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

MEMORANDUM OPINION AND ORDER – PAGE 3

### III. THE COURT GRANTS MBN'S
### MOTION TO COMPEL

#### A. The Court Overrules the Defendants' Boilerplate
#### Overbreadth, Vagueness, and Undue Burden Objections

MBN's Requests for Production and Interrogatories at issue generally pertain to the following four topics: (1) the potential business relationship between MBN and Michaels and the associated NDA, (2) monthly sales, revenues, expenses, and profits associated with Michaels' Masterpiece Paint By Number Kits ("MPBNK" products), (3) the timeline of the creation, development, and sale of the MPBNK products, and (4) the advertising and marketing of the MPBNK products. The Defendants responded to these requests with a mixture of overbreadth, vagueness, and undue burden objections. These objections were in some instances accompanied by production of documents or other responses.

The Defendants have asserted boilerplate objections that are not accompanied by an adequate explanation to resist discovery. The rule in the Fifth Circuit is that "the party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod*, 894 F.2d at 1485. The Defendants' responses merely state the grounds of overbreadth, vagueness, and undue burden without explaining what portions of the request are overbroad, what terms in the request lack a reasonable interpretation, or why producing responsive documents would require excessive expense. In order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome. *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). A mere statement by a party that a request is "overly broad and unduly burdensome" is not adequate to voice a successful objection. *Id.* The

MEMORANDUM OPINION AND ORDER – PAGE 4

Defendants' objections are not accompanied by sufficient corroboration of an undue burden or confusion created by MBN's discovery requests. These boilerplate objections do not satisfy the Defendants' burden as the party resisting discovery, and accordingly, the Court overrules the Defendants' objections.

### B.  The Defendants Have Not Shown That the Discovery Sought by MBN Is Irrelevant or Disproportionate

Any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case is discoverable. FED. R. CIV. P. 26(b)(1). The Fifth Circuit places the burden on the Defendants to prove in the first instance that discovery requests are irrelevant. *See Merill*, 227 F.R.D. at 477; *McLeod*, 894 F.2d at 1485. To satisfy this burden, the Defendants must show that "the information sought can have no possible bearing on the claim or defense of a party." *Brady*, 238 F.R.D. at 437. Here, the Defendants have not shown that the requested information relating to discussion of MBN's products and marks or production of a product similar to MBN's has "no possible bearing" on MBN's claims arising out of alleged violation of a Non-Disclosure Agreement and infringement of MBN's trademarks for those products. MBN has shown a clear relationship between the discovery sought and the claims it asserts in this action. The Defendants have not satisfied their burden to disprove the relevance of any of the requested material.

The Defendants have likewise not shown that the discovery sought is disproportionate to the needs of the case. Factors to consider when determining whether a discovery request is proportional include the importance of the issues at stake in the action,

MEMORANDUM OPINION AND ORDER – PAGE 5

the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1); *see also Gondola v. USMD PPM, LLC*, 223 F.Supp.3d 575, 579 (N.D. Tex. 2016). The party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation. *Id.* at 580. The Defendants have not shown that these factors weigh against MBN's discovery requests at issue.

The party resisting discovery for proportionality reasons may do so on the grounds of undue burden or expense. *Id.* at 581. This is the crux of the Defendants' objections in this case. However, the Defendants have not adequately demonstrated overbreadth or undue burden. The Defendants' assertions that all discovery requests using the terms "all" or "related to" are inherently overbroad is too simplistic. While it is true that some courts have found terms such as "all" or "relating to" to be too broad, those findings are specific to the particular language and context of the particular requests at issue. For instance, in the *Gondola* case cited by the Defendants, the "blockbuster" request was for "all documents which evidence, describe, concern, or otherwise relate to the allegations in your Complaint." *Id.* at 586. The overbreadth of this request is due to its complete lack of categorical or temporal limitations, not its use of "all" or "relating to." Comparing the request in *Gondola* to MBN's Request No. 19, discussed specifically by the Defendants, MBN's request includes both the categorical limitation of documents containing a specific keyword combination and a temporal limitation limiting production to documents on or

MEMORANDUM OPINION AND ORDER – PAGE 6

after Jan. 1, 2017. Pltf.'s 1st. Req. for Prod., Req. No. 19. The request overall is narrow enough that it is not rendered overbroad simply because it contains the words "all documents." The Defendants have not provided an adequate basis for finding MBN's discovery requests overbroad, unduly burdensome, or otherwise disproportionate. Accordingly, MBN's discovery requests are proportional and The Defendants must respond.

### C. The Defendants Have Not Provided Adequate and Complete Responses to MBN's Discovery Requests

The Defendants and their counsel have a duty to make diligent, good faith responses to legitimate discovery requests. *McLeod*, 894 F.2d at 1486; *see also Heller v. City of Dallas*, 303 F.R.D. 466, 476 (N.D. Tex. 2014). This includes the duty to produce and the duty to provide complete responses in good faith to MBN's interrogatories. *See id.* Federal Rule of Civil Procedure 33 allows parties to, in some cases, answer interrogatories by producing documents. However, that rule requires that the use of document production to answer an interrogatory only be done when "the burden of deriving or ascertaining the answer [is] substantially the same for either party" and that even where that is true, the documents produced in lieu of a written answer must be specified "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). Simply pointing generally to large quantities of documents produced does not provide sufficient detail to be an appropriate response to an interrogatory. *Jacquez v. Compass Bank*, 2015 WL 11529918 at *1 (W.D. Tex. 2015). The Defendants have not sufficiently answered MBN's interrogatories where they have

MEMORANDUM OPINION AND ORDER – PAGE 7

answered only by broadly indicating documents to look at, such as in response to MBN's First Set of Interrogatories Nos. 9 and 10. Accordingly, the Court orders that all Defendants must produce documents and communications responsive to MBN's Requests for Production and provide complete responses to Plaintiff's Interrogatories within fourteen (14) days of this Order.

### C. Attorney's Fees

MBN asks the Court to require the Defendants to pay its reasonable expenses incurred in making its motion to compel. Pl.'s Mot. to Compel p.18. On a motion to compel, if the motion is granted or disclosure or requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, even when the motion is granted, a court must not order such payment where the opposing party's nondisclosure or objection was substantially justified, or such an award would be unjust. *Id.* The Court finds that the Defendants' nonproduction and objections were not substantially justified. Accordingly, MBN's request for reasonable attorney's fees associated with its motion to compel is granted.

### CONCLUSION

Because the Defendants have not complied with MBN's discovery requests for relevant information proportional to the needs of the case and have asserted only boilerplate objections, the Court grants MBN's motion to compel. The Defendants are ordered to produce the following discovery responses within fourteen (14) days of this Order: (1)

MEMORANDUM OPINION AND ORDER – PAGE 8

Michaels Stores, Inc. is to search for and produce documents responsive to MBN's First Requests for Production Nos. 7, 8, 11, 13, 14, 19-26, 30-32, 55, 56, and 63-65 and MBN's Second Requests for Production Nos. 3-5 and provide full and complete responses to MBN's First Set of Interrogatories; (2) Artistree, Inc. is to search for and produce documents responsive to MBN's First Requests for Production Nos. 7, 8, 11, 13, 14, 19-26, 30-32, 55, 56, and 63-65 and provide full and complete responses to MBN's First Set of Interrogatories, (3) The Michaels Companies, Inc. is to search for and produce documents responsive to MBN's First Request for Production Nos. 7, 8, 15, 16, 18-20, 22-30, 36-41, 51, and 54-66, and (4) Michaels Stores Procurement Company, Inc. is to search for and produce documents responsive to MBN's First Request for Production Nos. 7, 8, 15, 16, 18-20, 22-30, 36-41, 51, and 54-66. Plaintiff's request for attorney's fees regarding this Motion is also granted. If the parties cannot agree, within fourteen (14) days of this Order, Plaintiff is directed to submit evidence of the fees it incurred, the amount of time incurred, billing rates and experience of billers, and a summary of work performed in bringing its Motion. The Defendants have fourteen (14) days to respond to this order. MBN will have seven (7) days to reply thereafter.

     Signed August 28, 2023.

_____
David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 9