IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATC MEDIA, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 3:22-cv-01416-N |
| | § § § | |
| MICHAELS STORES, INC. *et al.*, | § § § | |
| | § § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTIONS IN LIMINE

Pursuant to the Court's Second Amended Scheduling Order [101], Defendants The Michaels Companies, Inc., Michaels Stores, Inc., Michaels Stores Procurement Companies, Inc., and Artistree Inc. (collectively, "Michaels") file these Motions in Limine.

### I.   PROCEDURAL BACKGROUND

Plaintiff designated Dave Douglass as its damages expert. Pl.'s Disclosure of Testifying Experts. Defendants designated Drew Mooney as a rebuttal expert. Defs.' Disclosure of Testifying Experts. In his initial report, Douglass opines as to the amount he believes Defendants have been unjustly enriched by the allegedly infringing conduct. Mooney's rebuttal report contains three primary opinions: (1) he disagrees with Douglass's opinions on the total amount Michaels may have been unjustly enriched by the sale of the allegedly infringing product; (2) he calculates the incremental costs associated with the allegedly infringing products; and (3) he calculates the profits attributable to the allegedly infringing products. On April 8, Mooney supplemented his report, refining his calculations based on more detailed financial information produced by Michaels on April 4, 2024, in advance of the April 12 corporate representative deposition of Michaels Stores

Inc. on financial topics. Defendants anticipated that Douglass would promptly supplement his report based on the same updated data, but he did not. Instead, on May 1, 2024, Plaintiffs sought leave to take Douglass's deposition to preserve his testimony, as Douglass has a scheduling conflict during trial. Mot. [143].

On May 13, 2024, the Court granted Plaintiff leave to take Douglass's deposition. Order [153]. On May 14, 2024, three days before the deposition, Douglass supplemented his report. On May 15, two days before the deposition, Douglass again supplemented his report. In his second supplemental report and in his deposition testimony, Douglass opined that Plaintiff is entitled to "unjust enrichment *revenue*" in the amount of $412,902.00. Douglass Dep. 10:23-24. Douglass admitted that he has not calculated a damages estimate by cause of action or the multiple trade secrets; rather, Douglass testifies that *the jury* would need to apportion the $412,902.00 figure based on the count(s) Plaintiff may prevail on. *Id.* 46:10-23.

## II.   LEGAL STANDARD

This Court is familiar with Rule 702 and the Court's gatekeeping function [160]. Motions in limine must be limited to matters that: (1) "cannot adequately be raised by trial objection without prejudice to the moving party" and (2) the "prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court." *United States v. Madison*, No. 2:18-CR-096-D, 2019 WL 935799, at *5 (N.D. Tex. Feb. 26, 2019).

## III.   ARGUMENT AND AUTHORITIES

Douglass's testimony should be excluded. It will prejudice the jury for three reasons. First, Douglass uses the wrong measure of damages entirely. Douglass testifies as to his opinion of "unjust enrichment *revenues*" to which he believes Plaintiff is entitled. But unjust enrichment is measured by the defendant's *profits*, not the defendant's revenue. *Tex. Pig Stands, Inc. v. Hard*

*Rock Cafe Int'l, Inc.*, 951 F.2d 684, 694 (5th Cir. 1992). Indeed, Douglass admitted in his testimony that, contrary to established law[1] and accounting principles, he declined to reduce cost of goods sold from his damages analysis, opining that cost of goods sold is not variable. Douglass Dep. 42:14-43:23. Because this method of calculating damages is not based on reliable principles and methods, Fed. R. Evid. 702, the Court should exclude it.

Second, citing to Cornell Law School, Legal Information Institute, Douglass contends that unjust enrichment is a proper measure of damages for Plaintiff's breach of contract claim. This, of course, contradicts Texas law. *E.g., Signature Indus. Servs., LLC v. Int'l. Paper Co.*, 638 S.W.3d 179, 186 (Tex. 2022) ("Damages for breach of contract may include both direct and consequential damages. Direct damages often include restoration of 'the benefit of a plaintiff's bargain.' Consequential damages, on the other hand, compensate the plaintiff for foreseeable losses that were caused by the breach but were not a necessary consequence of it.") (citations omitted). Douglass did not calculate any losses suffered by Plaintiff. Douglass Dep. 24:12-16. As a result, the Court should limit Plaintiff from arguing that unjust enrichment damages are available for its breach of contract claim. Moreover, because Plaintiff has not disclosed any evidence of breach of contract damages, the Court should limit Plaintiff from arguing it has suffered any contract-based damages.

Third, Douglass—despite relying on an AICPA[2] practice guide that tells experts to apportion damages based on the allegedly infringing conduct—fails to apportion unjust enrichment

---

[1] *Easton v. Smitty's Supply, Inc.*, No. 4:15-CV-00640-O, 2016 WL 10749150, at *2 (N.D. Tex. June 13, 2016) (profits are determined by reducing sales by, among other things, cost of goods sold).

[2] AICPA Forensic & Valuation Services Practice Aid in Calculating Intellectual Property Infringement Damages.

damages based on trademark violations or trade secret misappropriation (or breach of contract). *Allstate v. Receivable*, 501 F.3d 398, 413 (5th Cir. 2007) ("Because disgorgement is meant to be remedial and not punitive, it is limited to 'property causally related to the wrongdoing' at issue. Accordingly, the party seeking disgorgement must distinguish between that which has been legally and illegally obtained.") (citation omitted). Incredibly, Douglass testified that his damages opinion would be the same no matter which cause(s) of action Plaintiff may prevail on. Introducing the jurors to this testimony will prejudice them by insinuating it is proper to figure damages wholesale, rather than based on the amount of profit any defendant received that is traceable to the infringing conduct.

## IV. CONCLUSION

Defendants respectfully request the Court grant their motions in limine and limit Plaintiff from introducing testimony that is not relevant or reliable.

|  |  |
|---|---|
| DATED: May 20, 2024 | Respectfully submitted, |

                                                 **MUNSCH HARDT KOPF & HARR, P.C.**

                                                 */s/ Jamil N. Alibhai*
                                                 Jamil N. Alibhai
                                                 Texas Bar No. 00793248
                                                 jalibhai@munsch.com
                                                 Jordan R. Curry
                                                 State Bar No. 24116242
                                                 jcurry@munsch.com

                                               500 N. Akard Street, Suite 4000
                                               Dallas, Texas 75201
                                               (214) 855-7500 (telephone)
                                               (214) 855-7584  (facsimile)

                                                    **ATTORNEYS FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

     The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 20, 2024, on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF.

                                                 */s/ Jamil N. Alibhai*
                                                 Jamil N. Alibhai